UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN N. HUYNH,
Plaintiff,
v.
CRAIG KOENIG,
Defendant.

Case No. 26-cv-11707-SVK

**ORDER OF SERVICE; GRANTING LEAVE TO USE "DOE" DEFENDANTS**

Re. ECF No. 2

## INTRODUCTION

Plaintiff, a former California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Warden of his former prison, the California Training Facility ("CTF"). For the reasons explained below, the complaint is ordered served upon Defendant. Plaintiff's motion to use "Doe" to as a placeholder name for unknown defendants until he may learn their names is GRANTED.

## FACTUAL BACKGROUND

Plaintiff alleges in April 2020, Defendants[1] implemented or approved "severe" restrictions related to the COVID pandemic at CTF, including confining Plaintiff to his cell for 23 or 24 hours per day. Such restrictions occurred for varying periods over the course of approximately two years and had the following effect:

> During severe COVID confinement, his existing fear, hypervigilance, anxiety, sleep difficulties, and sense of isolation worsened substantially. He felt trapped by the inability to leave or exercise outdoors. Difficulty relaxing, persistent alertness, racing thoughts, and the confinement environment disrupted sleep.

[1] Besides the CTF Warden, Plaintiff names five "Doe" defendants as officials who "personally approved or renewed the restrictions" or "personally controlled their implementation or review and the availability of out-of-cell recreation." (ECF No. 1 at 2 ¶ 9.)

United States District Court
Northern District of California

United States District Court
Northern District of California

(ECF No. 2 at ¶ 30.)

He alleges he was released from custody in March 2025, and three months later, he received a diagnosis of Post-Traumatic Stress Disorder, and discovered in "mid-2025" such symptoms were "caused or substantially aggravated" by the out-of-cell restrictions. (*Id.* at ¶¶ 41, 45.) With respect to his current symptoms, he alleges:

> Plaintiff currently reports continuing significant anxiety, hypervigilance, sleep disturbance and frequent prison-related nightmares; impaired concentration, memory, and task organization; avoidance of prison reminders; social withdrawal and difficulty trusting others; and intolerance of confined or crowded environments. These symptoms substantially affect daily functioning. He reports that their combined effects prevent regular employment and require written rather than real time spoken communication.

(*Id.* at ¶ 37.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to

United States District Court
Northern District of California

state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff claims the restrictions on his out-of-cell time violated his Eighth Amendment rights. Exercise is one of the basic human necessities protected by the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). When liberally construed, Plaintiff's allegations regarding the restrictions on his exercise time state a cognizable claim for relief under the Eighth Amendment.

**CONCLUSION**

For the reasons explained above,

1. Plaintiff's motion for leave to designate unnamed defendants as "Doe" defendants is GRANTED. (ECF No. 2.)

2. Defendant Craig Koenig shall be served at the California Training Facility.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Complaint, a Magistrate Judge jurisdiction consent form, this Order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be

reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendant shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form. Defendant shall also file an answer in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

a. No later than **February 19, 2027,** Defendant shall file a motion for summary judgment or other dispositive motion. Any summary judgment motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **March 19, 2027**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **April 2, 2027**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

This order resolves docket number 2.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**IT IS SO ORDERED.**

Dated: November 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge